IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEVI J GRIFFIN,

      Petitioner,

v.                                 CASE NO. 1:15-cv-132-WTH-GRJ

SECRETARY, DEPT. OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his jury-trial conviction and 36-month sentence in Alachua County for dealing in stolen property. ECF No. 1. The Respondent filed a response to the merits of the Petition together with the relevant portions of the state-court record, and Petitioner filed a reply. ECF Nos. 12, 14. Upon due consideration of the Petition, the response, the state-court record, and the reply, the undersigned recommends that the Petition be denied.[1]

### I. State-Court Proceedings

Petitioner was charged with dealing in stolen property (Count I) and

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

grand theft of an automobile (Count II).  At trial, the state presented evidence that Petitioner took and then sold for scrap a 1996 Geo Metro belonging to Amanda Brooks.  The jury returned verdicts of guilty, and Petitioner was sentenced to 36 months on Count I and time served on Count II.  Petitioner appealed, raising one issue for review: that the trial court erred in allowing a state witness to testify that Petitioner threatened him.  ECF No. 12-2 at 143-56.  The First DCA affirmed *per curiam* without written opinion on April 4, 2014.  ECF No. 12-2 at 173.

Petitioner filed a state habeas corpus petition in the First DCA alleging ineffective assistance of appellate counsel because counsel did not raise as an appellate issue that Petitioner's speedy trial rights were violated in the trial court.  *Id*. at 175-85; ECF No. 12-3 at 1-5.  The First DCA denied the petition on the merits without written opinion.  ECF No. 12-3 at 6.

Petitioner then filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 raising the following claims: (1) the trial court violated his right to a speedy trial; (2) the speedy trial violation also violated his right to due process; (3) ineffective assistance of trial counsel regarding an uncalled witness, the speedy trial issue, and the trial court's abuse of

discretion; and (4) the trial court abused its discretion by commencing trial three weeks after the jury was empaneled.  ECF No. 12-3 at 22-32.  The trial court summarily denied the motion without an evidentiary hearing.  ECF No. 12-3 at 35-37.  Petitioner filed an "amendment" construed as a motion for rehearing.  *Id*. at 68-71.  The trial court again summarily denied relief without an evidentiary hearing.  *Id*. at 72-75.  The First DCA affirmed *per curiam* without written opinion.  ECF No. 12-3 at 140.

The instant federal habeas corpus petition, which Respondent concedes is timely, followed.  Petitioner asserts the following claims: (1) the trial court violated his right to a speedy and fair trial; (2) the trial court's speedy trial violation amounted to a denial of due process; (3) the trial court violated Petitioner's right to equal protection in various ways; (4) the trial court failed to ensure that Petitioner had the effective assistance of counsel; (5) the trial court failed to properly and efficiently uphold the law in various ways.  ECF No. 1.

## II.  Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28

U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state

courts a "full and fair opportunity" to resolve all federal constitutional claims

by "invoking one complete round of the State's established appellate

review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To

properly exhaust a federal claim, a petitioner must "fairly present" the claim

in each appropriate state court, thereby affording the state courts a

meaningful opportunity to "pass upon and correct alleged violations of its

prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

(quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state

court, and it is obvious that the unexhausted claim would now be

procedurally barred under state law, the claim is procedurally defaulted.

*Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas

courts are precluded from reviewing the merits of procedurally

defaulted claims unless the petitioner can show either (1) cause for the

failure to properly present the claim and actual prejudice from the default,

or (2) that a fundamental miscarriage of justice would result if the claim

were not considered.  *Id*.  at 1302, 1306.  A fundamental miscarriage of

justice exists "where a constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  Section 2254 Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes further limitations on the scope of this Court's review.   Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas

court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___,  2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights."  *Id*.   This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[2]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

fact that a man is a federal judge should make him more competent, or

conscientious, or learned . . . than his neighbor in the state courthouse.'"

*Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037

(1976)).

In view of the deference afforded to the state courts' adjudication of

constitutional claims, "AEDPA erects a formidable barrier to federal habeas

relief for prisoners whose claims have been adjudicated in state court.

AEDPA requires 'a state prisoner [to] show that the state court's ruling on

the claim being presented in federal court was so lacking in justification

that there was an error . . . beyond any possibility for fairminded

disagreement.'"   *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131

S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it

is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct.

at 786).  "We will not lightly conclude that a State's criminal justice system

has experienced the 'extreme malfunction' for which federal habeas relief

is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## IV.  Discussion

### Claims One and Two: Speedy Trial

Petitioner's first and second claims are interrelated and will be

addressed together.  Petitioner contends that the trial court violated his right to a speedy and fair trial.  Petitioner was arrested on January 22, 2013, and his counsel filed a notice of expiration of the state speedy-trial period on July 15, 2013.  On July 22, 2013, the trial court empaneled a jury.  However, Petitioner's trial did not begin until August 13, 2013. Petitioner concedes that this claim was not raised on direct appeal, but notes that he filed a petition for a writ of habeas corpus alleging ineffective assistance of appellate counsel for failure to raise the claim.  Petitioner contends that the delay violated his right to a fair trial because the court did not ensure that the jurors were not "tainted" during the time between jury selection and the presentation of evidence.  ECF No. 1 at 5-8, 15-16.

Florida criminal rules provide for a 175-day speedy trial time period, and a 15-day "recapture" period during which trial may be commenced. Fla. R. Crim. P. 3.191(p).  Pursuant to Fla. R. Crim. P. 3.191(c), the trial is deemed to have commenced when the jury panel is sworn for voir dire. In rejecting Petitioner's claim on postconviction review, the state court first noted that the claim was procedurally barred because Petitioner failed to raise it on direct appeal.  ECF No. 12-3 at 36.  The court further noted that Petitioner's counsel filed a notice of expiration of speedy trial, and the jury

was selected within seven days of the filing of the notice, within the recapture period.  Therefore, Petitioner's right to a speedy trial under state law was preserved.  ECF No. 12-3 at 75.

To the extent that Petitioner seeks to assert a violation of Florida's speedy trial rules in this case, apart from his ineffective-assistance claim, "that type of claim is not cognizable on federal habeas review because it only involves state procedural rules rather than errors of federal constitutional dimension."  *Sneed v. Fla. Dept. of Corr.,*  496 Fed.Appx. 20, 25, 2012 WL 5417103, *4 (11th Cir. 2012).  Although ineffective assistance is a federal constitutional claim which federal courts consider in light of the clearly established rules of *Strickland,* when "the validity of the claim that [counsel] failed to assert is clearly a question of *state* law . . . we must defer to the state's construction of its own law."  *Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir.1984) (affording deference to state court's decision "to the extent it decide[d] the validity of [the petitioner's] underlying state law claims") (*superseded on other grounds*); *see also Callahan v. Campbell,* 427 F.3d 897, 932 (11th Cir.2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them[.]" (internal quotation

and citation omitted)).  In the same vein, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir.1992); *Hunt v. Tucker,* 93 F.3d 735, 737 (11th Cir.1996) (federal courts entertaining petitions for writs of habeas corpus must follow the state court's interpretation of a state law absent a constitutional violation).  In view of the state court's determination under state law that Petitioner's Florida speedy-trial rights were not violated, Petitioner has demonstrated neither deficient performance nor prejudice by appellate counsel in failing to raise an obviously non-meritorious claim on appeal.

To the extent that Petitioner contends his federal speedy trial rights under the Sixth Amendment were violated, he has made no showing that he is entitled to federal habeas relief.  The test for adjudicating a Sixth Amendment speedy trial claim requires a balancing of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant.[3]  When the delay between arrest or indictment and trial is more than one year, there is

---

[3] *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972); *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686 (1992).

a presumption of prejudice sufficient to trigger application of the four part test as a whole.  *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686 (1992).

In this case, the time between Petitioner's January 22, 2013, arrest and the August 13, 2013, commencement of trial was less than one year. Therefore, there is no presumed prejudice.  Petitioner conclusionally alleges that his trial was unfair because the court did not question the jury regarding any prejudice or bias that may have arisen after the jury was empaneled but before trial began.  ECF No. 1.

On the day that the jury was empaneled, July 22, 2013, the trial court informed the jury that the case was specially set for a one-day trial beginning on August 13, 2013.  ECF No. 12-1 at 102-03.  After the jury was selected, the court admonished the panel not to talk to anyone about the case "between now and the time you're discharged."  He instructed the jurors to report to the bailiff if anyone tried to discuss the case with them, and instructed them not to read or watch any news accounts about the case.  *Id*. at 197-98.  On the day that trial began, the court inquired of the jury: "[S]ince there has been a little time, as you all sit there this morning . . . Nothing has intervened between the time that I saw you last that would in

any way affect your service as a juror; is that correct?"  The jurors

unanimously answered "yes."  *Id*. at 214.

Thus, the record squarely refutes the factual basis for Petitioner's

claim.  On this record, Petitioner has not shown that his federal

constitutional right to a speedy trial was implicated by the lapse in time

between empaneling the jury and beginning trial, or that he was denied a

fair trial in any way due to the lapse.  He has also demonstrated neither

deficient performance nor prejudice by appellate counsel's failure to raise

this issue on appeal.

### Claim Three: Trial Court Violated Right to Equal Protection

Petitioner alleges that his right to equal protection was violated by the

trial court's "omissions".  Such asserted omissions include (1) not ensuring

Petitioner "the proper amount of process due"; (2) not protecting his

speedy trial rights; (3) not protecting his right to a fair trial; (4) not applying

the law as the state legislature and Congress intended; (5) construing the

law as the trial court "wished it were written"; (6) not being impartial and

unbiased; (7) ruling that Petitioner's constitutional claims were procedurally

barred; (8) ruling that the testimony of the victim's apartment manager

would not have been relevant; (9) ignoring/disregarding exculpatory

evidence; and (10) ignoring/disregarding the "gross negligence" by police.

Petitioner's arguments regarding his speedy trial and due process rights have been addressed above.  The remainder of Petitioner's claims are too vague and conclusional to provide a basis for habeas corpus relief. To the extent that Petitioner seeks to challenge the trial court's evidentiary rulings, a state trial court's evidentiary rulings do not provide a basis for federal habeas relief absent a showing that the ruling affected the fundamental fairness of the trial.  *See Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998).   A Petitioner must show that the ruling was more than merely erroneous; it must have had "'[a] substantial and injurious effect or influence in determining the jury's verdict.'" *Id*.  (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).  Petitioner has made no such showing here.

### Claim Four: Court Failed to Ensure Effective Assistance of Counsel

As with Claim Three, Petitioner recites a list of factually unsupported and conclusional assertions.  Petitioner contends that the trial court failed to protect his rights when counsel: (1) did not call the manager of the apartment complex to testify; (2) did not object to the trial being set outside the speedy trial time; (3) did not argue that the trial court abused the

speedy trial rule; (4) did not argue that his right to a fair trial was violated; (5) did not object to a violation of due process; (6) did not object to a violation of equal protection rights; (7) did not object to a violation of Petitioner's right to an impartial judge or seek disqualification of the judge; (8) did not object to the trial court's abuse of discretion regarding his speedy trial rights; (9) did not argue that the trial court violated the Florida constitution; (10) did not object to the trial court's disregard of exculpatory evidence; (11) did not properly investigate Petitioner's case; and (12) made "deficiencies and omissions" that prejudiced Petitioner.

Again, these claims for the most part are wholly conclusional and unsupported by reference to facts in the trial record. "'[T]he Supreme Court has held, in the context of an ineffective assistance claim, that 'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Forrest v. Fla. Dept. Of Corrections*, 342 Fed. Appx. 560, 564-65 (11th Cir. 2009)(*per curiam*) (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984)); *see also Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003)("Because the sum of various zeroes remains zero, the claimed prejudicial effect of their [the petitioners'] trial attorneys' cumulative errors does not warrant habeas relief.").

To the extent that Petitioner has identified a specific claim with respect to his speedy trial rights, that claim has been addressed. Otherwise, the only specific claim the Court can identify that was also exhausted in state court is Petitioner's assertion that his trial counsel should have called as a witness the manager of the apartment complex from which the car was stolen. Petitioner contends that the witness would have testified that the victim's apartment was a "drug hole" and a "whore house" that was frequented by other people besides Petitioner. ECF No. 12-3 at 29. In rejecting this claim on postconviction review, the trial court concluded that the testimony would have been neither relevant nor admissible. The court also noted that counsel did, in fact, bring out testimony on cross-examination of the victim's roommate that people other than Petitioner were in and out of the apartment on a daily basis. *Id*. at 36 (citing Trial Transcript at 53-56).

In the habeas corpus context, "[c]omplaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative." *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980). In this case, Petitioner has made no showing that counsel's failure to call the apartment manager as a witness

caused him any prejudice in view of the fact, as the state court found, that counsel did solicit testimony on the same point.   On this record, Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

### Claims Five and Six: Various Trial Court Errors

Petitioner conclusionally alleges in his fifth claim that the trial court failed to properly and efficiently enforce and uphold the "laws, regulations, policies, procedures, practices, and amendments of such political entity (judicial); the laws/amendments and regulations of the United States constitution, with respect to the application and administration of the laws/amendments to the proper administration of justice."   In his sixth and final claim, Petitioner asserts that "the court erred and violated [his] 14th amendment right as a 'protected class of person as a citizen of the United States.'" Both of these claims are too vague to establish any basis for federal habeas corpus relief.

### V.   Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,  ECF No. 1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 23rd day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.